No. 88-192

IN THE SUPREME COURT OF THE STATE OF MONTANA

1988

---

RAE SUBDIVISION COUNTY WATER AND
SEWER DISTRICT NO. 313,

        Plaintiffs and Appellants,

  -vs-

GALLATIN COUNTY, and LOY R. CARROLL,
GALLATIN COUNTY TREASURER,

        Defendants and Respondents.

---

APPEAL FROM: District Court of the Eighteenth Judicial District,
            In and for the County of Gallatin,
            The Honorable Mark P. Sullivan, Judge presiding.

COUNSEL OF RECORD:

    For Appellant:

        Michael J. Lilly; Lilly, Andriolo & Schraudner, Bozeman,
        Montana

    For Respondent:

        A. Michael Salvagni, County Attorney, Bozeman, Montana
        James McKenna, Deputy County Attorney, Bozeman

---

Submitted on Briefs: July 14, 1988

Decided: August 30, 1988

Filed: AUG 3 0 1988

_Ethel M. Harrison_

Clerk

Mr. Justice Fred J. Weber delivered the Opinion of the Court.

RAE Subdivision County Water and Sewer District No. 313 (RAE) petitioned for a writ of mandamus to compel Gallatin County to collect delinquent water and sewer assessments. The District Court for the Eighteenth Judicial District, Gallatin County, denied RAE's petition. RAE appeals. We affirm.

The issues are whether RAE has shown the two elements necessary for a writ of mandamus: a clear legal duty and the absence of a plain, speedy, or adequate remedy in the ordinary course of law. Because we hold that the trial court was correct in concluding RAE has not shown that Gallatin County had a clear legal duty to collect the delinquent water and sewer assessments, we do not discuss the second element.

RAE is a water and sewer district formed just outside of Bozeman. It levies assessments against landowners within the district for water and sewer service. Frank J. Trunk is one of those landowners. He did not pay his 1982, 1983, 1984, 1985, and 1986 assessments.

RAE filed a lien against Frank Trunk's property and then filed an action to foreclose the lien in district court. The court dismissed the complaint, ruling that Gallatin County was the proper party to collect the delinquent assessments. RAE chose not to appeal that judgment. It asked the county treasurer to collect the taxes. However, the county attorney's office, on behalf of the county, informed RAE that Gallatin County was not going to collect the taxes.

RAE then filed this action before a second judge sitting in the same judicial district. RAE here petitioned for a writ of mandamus to compel Gallatin County to begin proceedings to collect the delinquent assessments from Mr. Trunk. After hearing arguments by the parties and studying

2

the applicable statutes, that court ruled that RAE had failed to establish that Gallatin County has a clear legal duty to collect the assessments. It noted that since it found no such clear legal duty, it did not need to address the second requirement for issuance of a writ of mandamus under § 27-26-102, MCA, that the applicant has no plain, speedy or adequate remedy at law. RAE appeals from the court's refusal to issue the writ.

Did the trial court err in concluding that Gallatin County did not have a clear legal duty to collect the delinquent water and sewer assessments levied by RAE?

This issue may be restated as whether past due water and sewer assessments are collectible by the board of directors of the water and sewer district as are regular water and sewer assessments, or by the county as are taxes for bonded debts. The answer to this question is reached through statutory interpretation. The role of the courts in construing a statute is to declare what is there, not to insert what has been omitted or omit what has been inserted. Section 1-2-101, MCA.

The board of directors of a water and sewer district sets and collects the charges for sewer service and for sale and distribution of water:

> 7-13-2301. Establishment of charges for services. (1) The board of directors shall fix all water and sewer rates and shall, through the general manager, collect the sewer charges and the charges for the sale and distribution of water to all users.
>
> (2) The board in the furnishing of water, sewer service, other services, and facilities shall fix such rate, fee, toll, rent, or other charge as will pay the operating expenses of the district,

3

provide for repairs and depreciation of works owned or operated by it, pay the interest on any bonded debt, and so far as possible, provide a sinking or other fund for the payment of the principal of such debt as it may become due.

. . .

In contrast, the county commissioners have the duty to levy taxes for payment of bond obligations for water and sewer districts:

7-13-2302. Levy of taxes to meet bond obligations and other expenses. (1) If from any cause the revenues of the district shall be inadequate to pay the interest or principal of any bonded debt as it becomes due or any other expenses or claims against the district, then the board of directors must . . . furnish to the board or boards of county commissioners and to the auditor or auditors, respectively, an estimate in writing:

. . .

(2) The board of county commissioners of such county or city and county, annually, at the time and in the manner of levying other county or city and county taxes, must:

(a) until any such bonded debt is fully paid, levy upon the lands so benefited and cause to be collected the proportionate share to be borne by the land located in their county of a tax sufficient for the payment thereof, to be known as the ...... district bond tax; and

(b) until all other expenses or claims are fully paid, levy upon all of the lands of the district and cause to be collected the proportionate share to be borne by the land located in their county of a tax sufficient for the payment

4

thereof, to be known as the ...... district water and/or sewer tax.

(3) Such taxes for the payment of any such bonded debt shall be levied on the property benefited thereby, as stated by the board of directors in the resolution declaring the necessity therefor, and all taxes for other purposes shall be levied on all property in the territory comprising the district.

Water and sewer district taxes are collected in the same manner as are county taxes and are a lien upon the property:

7-13-2309. Collection of taxes. (1) All taxes referred to in 7-13-2302(3) shall be collected at the same time and in the same manner and form as county taxes are collected and when collected shall be paid to the district for which such taxes were levied and collected.

(2) Such taxes, if not paid, shall become delinquent at the same time as do county taxes.

7-13-2310. Taxes to be lien. (1) If such taxes are levied for the payment of a bonded debt for the benefit of certain property within the district, as stated in the aforesaid resolution of the board of directors, such taxes shall be a lien upon each lot or parcel of said property to the extent of the levy of said taxes upon said lot or parcel. All taxes for other purposes shall be a lien upon each lot or parcel of land within the entire area comprising the district, to the extent of the levy of said taxes upon said lot or parcel.

(2) Said taxes, whether for the payment of a bonded indebtedness or for other purposes, shall be of the same force and effect as other liens for taxes, and their collection shall be enforced by the same means as provided for in the en-

5

forcement of liens for state and county taxes.

After setting forth the above statutory framework, the District Court ruled that

[t]axes imposed and collected by the county must be distinguished from charges imposed and collected by the district for maintenance and service. Authority for the former is derived from Section 7-13-2302, MCA, while authority for the latter is derived from Section 7-13-2301, MCA. I find no statutes which grant to the county authority or a duty to collect the district's semi-annual charges.

We conclude that the statutes do not set forth a clear legal duty on the part of the county to collect the delinquent water charges. The county can assess taxes sufficient to cover both the bonded indebtedness payments and operating expenses, but in order to do so there must be notice given in advance so that all interested parties may protest the tax levy. Section 7-13-2304 through 2307, MCA. Delinquent water and sewer assessments levied against an _individual_ are different from taxes levied against all property within the district under § 7-13-2302, MCA.

RAE points to the reference in § 7-13-2310(2), MCA, to "[s]aid taxes, whether for the payment of a bonded indebtedness _or for other purposes._" (Emphasis supplied.) RAE argues that because of the reference to "other purposes," the word "taxes" includes delinquent water and sewer charges. However, that reference is consistent with the language of § 7-13-2302(1), MCA, as to "bonded debt . . . or any other expenses or claims against the district," for which the board of directors is authorized to levy taxes. Again, these "other expenses" are subject to the notice requirements and

6

are levied upon all property in the district, unlike the delinquent assessments here.

RAE has the power to sue under § 7-13-2217(1)(b), MCA. We conclude that under that statute and § 7-13-2301, MCA, RAE had the power to bring an action to collect the delinquent assessments from Mr. Trunk, without referring the same to the county for collection as taxes. We recognize that this conclusion contradicts the ruling of the district court in the first action brought by RAE. Unfortunately, RAE chose not to appeal the judgment in that case.

Because there is no clear legal duty on the part of the county to collect the delinquent assessment, we affirm the denial of RAE's petition for mandamus.

_____
Justice

We Concur:

_____
Chief Justice

_____

_____

_____
Justices

7